**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DWAYNE MCGRUDER,**

           **Plaintiff,**             **CIVIL ACTION NO. 04-CV-71428-DT**

   **vs.**

                                      **DISTRICT JUDGE AVERN COHN**

**CAROL WILSON, et. al,**             **MAGISTRATE JUDGE MONA K. MAJZOUB**

           **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendants' Motion to Dismiss for Failure to Exhaust Administrative

Remedies should be GRANTED.  Plaintiff's Motion for Appointment of Counsel and Default Judgment

should be DENIED as moot.

\*\*\*

      Plaintiff, who is currently on parole from MDOC custody, filed this prisoner civil rights action

on April 16, 2004, under 42 U.S.C. § 1983.  The case has been referred to the undersigned for all pretrial

proceedings.  The Defendants to this action are Carol Wilson, Facility Manager, and Barbara Ritchie and

Mary Swank, both mailroom clerks at the Cotton Correctional Facility.  Plaintiff filed a Motion for

Appointment of Counsel on May 19, 2004.  Having failed to timely respond to Plaintiff's complaint,

Plaintiff filed a Motion for Default Judgment July 21, 2004.  On the same day, Defendants filed a Motion

for Leave to File Late Motion to Dismiss which this Court granted on July 22, 2004.  On July 29, 2004

Plaintiff filed a Motion For Enlargement of Time in which to File Responsive Pleading to Defendants'

Motion To Dismiss which this Court granted on August 3, 2004.  To date, Plaintiff has failed to filed a

response to Defendants' Motion to Dismiss.

      In his complaint, Plaintiff alleges that Defendants Ritchie and Swank opened his legal mail

outside of his presence and that Defendant Wilson failed to ensure that Plaintiff was present during the opening of his legal mail.  On October 5, 2003 Plaintiff filed a Step I grievance complaining of Ritchie's and Swank's alleged misconduct.  Plaintiff's Step I grievance was rejected on October 24, 2003.  There is no indication that Plaintiff appealed to either Step II or III of the MDOC grievance process although he alleges that he told Defendant Wilson of his intent to proceed to Step II of the grievance process.  Accordingly, Defendants contend that Plaintiff's claims are barred by the Prison Litigation Reform Act and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff.  FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

## EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action.  Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."

*Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  The Sixth Circuit has held that "prisoners filing a §

1983 case involving prison conditions must allege and show that they have exhausted all available state

administrative remedies" before a district court may adjudicate their civil rights claims, and has also held

that the district court should enforce this requirement *sua sponte*.  *Brown v. Toombs*, 139 F.3d 1102,

1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998).  Compliance with this provision requires that

prisoners file a grievance against the person(s) they ultimately seek to sue,  *Curry v. Scott*, 249 F.3d 493,

505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person

who may be responsible, is insufficient.  *Gibbs v. Bolden*, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

Generally, a prisoner will exhaust administrative remedies by filing grievances pursuant to

MDOC policy.  For example, a prisoner may grieve alleged violations of policy and procedure,

unsatisfactory conditions of confinement, official acts, or denial of rights which directly affect

[Prisoners] (MDOC Policy Directive 03.02.130, PB).  The grievance system is comprised of three steps.

If the grievant is dissatisfied with the step I response, he/she may appeal to step II.  If the prisoner is still

dissatisfied with the step II response, he/she may file a step III appeal with the Director of the MDOC.

A Plaintiff must pursue all levels of the administrative procedure, even when prison officials fail to

respond or respond in an untimely manner.  *Grabinski v. Gundy*, 1999 U.S. Dist. LEXIS 4820 (W.D.

Mich. 1999)(citations omitted).

Plaintiff failed to allege with specificity or attach documentation that he exhausted his available

administrative remedies.  Plaintiff's allegation that he advised Defendants Wilson of his intent to proceed

to Step II of the grievance process falls short of the PLRA exhaustion requirement.  Thus, Plaintiff has

failed to carry his burden of demonstrating exhaustion of his available administrative remedies as

required by the PLRA.

Accordingly, Defendants' Motion to Dismiss should be **GRANTED** and the instant case

dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's remaining Motion for Appointment of Counsel and for Default Judgment should be DENIED as moot.

### <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: 03/02/05                                      s/ Mona K. Majzoub
                                                     MONA K. MAJZOUB
                                                     UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of the Report and Recommendation was served upon Dwayne McGruder and Diane M. Smith on this date March 02, 2005.

Dated: 03/02/05                                         s/ Lisa C. Bartlett
                                                        Courtroom Deputy